(101 App. Div. 30)

### WINTNER v. ROSEMONT REALTY CO.

(Supreme Court, Appellate Division, Second Department. January 6, 1905.)

1. ATTORNEY AND CLIENT—COMPENSATION.

 An attorney retained to foreclose a mortgage procured a judgment of foreclosure and for the deficiency on the sale of the premises. Thereafter a corporation was organized by his client for the purpose of acquiring the premises, and plaintiff rendered services to it in an effort to enable the corporation to take possession as against tenants of the mortgagor refusing to vacate. *Held*, that the corporation was liable therefor.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Hugo Wintner against the Rosemont Realty Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Alexander Thain, for appellant.

P. A. Hatting, for respondent.

PER CURIAM. The defendant appeals from a judgment of the Municipal Court in favor of the plaintiff for $150 for services rendered to the defendant as an attorney. "There is," says defendant's counsel, "no material difference between the parties as to the facts, except on the subject of value, which was quite unimportant, for, if defendant is liable at all, and should pay for plaintiff's repeated blunders, the judgment is none too large." The only question to be considered, therefore, is one of law, and we are persuaded that the plaintiff has a right to recover under the circumstances of this case. Plaintiff was retained by one Delabarre to foreclose a certain mortgage upon premises in Westchester county. The action was brought, resulting in a judgment of foreclosure. The premises were sold under the judgment to one Charles E. Teets, and Delabarre was given a deficiency judgment amounting to $10,-000 against the defendant in the foreclosure proceedings, and thus all of the purposes of the action had been accomplished, so far as the plaintiff in that action was concerned. He had secured $5,000 in money and a deficiency judgment, and his interest in and his power over the subject-matter of that litigation was at an end, so that the relation of attorney and client, in so far as the foreclosure proceeding was concerned, was dissolved. Foster v. Bookwalter, 152 N. Y. 166, 169, 46 N. E. 299, and authorities there cited. It appears, however, that the purchase of the premises by Mr. Teets was made in behalf of Delabarre, who subsequently organized a corporation, to whom the title to the premises was transferred, and when the corporation sought to gain possession of the premises it was met by persons claiming to have been tenants of the owner before the bringing of the action of foreclosure, and who refused to vacate the premises. Confronted by this situation, Delabarre, as secretary and treasurer of the defendant corporation, employed the plaintiff, and the services for which judgment has been found were rendered in an effort to gain possession of the premises for the corporation. We see no reason why, in law, the plaintiff is not entitled to his pay.

The judgment appealed from should be affirmed, with costs.